# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE DEBERRY, JR., <br><br> Plaintiff, <br><br> v. <br><br> CDCR, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-00280-BAM (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION <br><br> ECF No. 9 <br><br> **FOURTEEN-DAY DEADLINE** |

Plaintiff Ronald Lee DeBerry, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was screened, and he was granted leave to amend. Plaintiff's first amended complaint, filed on April 4, 2022, is currently before the Court for screening. (ECF No. 9.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted*); Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California Health Care Facility in Stockton, California. The events are alleged to have occurred while Plaintiff was housed in California Substance Abuse Treatment Facility ("SATF"). Plaintiff names as defendants: (1) Sanchez, Correctional Officer, (2) John Doe 1, Correctional Lieutenant, (3) John Doe 2, Sergeant, (4) John Doe 3, Correctional Officer, (5) Department of Corrections and Rehabilitation ("CDCR"), and (7) J. Hayward, Correctional Officer.

In claim 1, Plaintiff alleges a claim for excessive force as follows:

> "Sergent on 7/3/20 ordered staff to take a C/O's place on me because I said take me to the sergeants office so C/Os Sanchez and unknown C/O took me to the ground C/O Hayward came & knelt on my neck because I kept look up to see who is all present When tooken to ground I received injuries including a bloody mouth, the C/Os took me to the program office. I told the leutenant I was assaulted by Hayward kneeling on my neck like George [unintelligible] where cops knelt on his & all those cops got charges i also told the nurse i was beaten. Policy is 48 hours they have to take my statement & video tape my injuries. Yet all the C/O's, sergeant, leutenant, comitted deliberate indifference due to sgt's order. I was beaten ignored and retaliated when I filed appeals, the prison staff are antigay comunity like allowing transgenders get assaulted so deliberate indiference on C/O's with rank puts us in a dangerous environment due to our differences (self identity). CDCR get's notified yet nothing is done (the let time run out or grant a new appeal), my use of force video was 3-4 weeks later not 48 hours." (unedited text)

2

In claim 2, Plaintiff alleges a violation of Due Process. Plaintiff's use of force video was not taken with 48 hours and was not taken until 3-4 weeks later. This delay gave his injuries time to disappear. Plaintiff told medical staff, the sergeant, and lieutenant that he had been involved in a 7/3/20 incident where he was assaulted, including a correctional officer kneeling on his neck. They took 3-4 week but Plaintiff's medical form from the incident noted many injuries that they could see but not the internal injuries, like a concussion or PTSD. Plaintiff reserves the right to add if more happens.

Plaintiff seeks monetary damages for his injuries.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of the claims. The Court cannot discern what happened in the excessive force incident. Indeed, Plaintiff's first amended complaint contains fewer facts than the original complaint. In the Court's screening order, Plaintiff was instructed that an amended complaint supersedes the original complaint, and Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. As Plaintiff was further instructed in the Court's screening order, Plaintiff must state that facts of what happened and whether Plaintiff was resisting. The first amended complaint fails to cure this deficiencies.

### B. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

Plaintiff must name individual Defendants and allege what each Defendant did or did not do that resulted in a violation of her constitutional rights. Conclusory allegations are insufficient. With the exception of Defendant Haywood, Plaintiff has been unable to cure this deficiency.

### C.     Supervisor Liability

Insofar as Plaintiff is attempting to sue Defendant lieutenant, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446

(9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must...demonstrate that his deprivation resulted from an official policy or custom established by a...policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washin*gton, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent Plaintiff alleges the lieutenant was directly involved in the 7/3/2020 incident, there are no allegations stating what the lieutenant did or did not do which violated Plaintiff's rights.

### D. Eleventh Amendment Immunity

Plaintiff cannot state a claim against the Department of Corrections and Rehabilitation. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override ...." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal*., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court ...." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v.*

5

*Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Plaintiff cannot state a claim against CDCR.

### E. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

///

July 3, 2020 Incident

Plaintiff fails to state a cognizable claim for excessive force against Defendant Sanchez. Plaintiff fails to state the facts surrounding Sanchez taking Plaintiff down, such as whether Plaintiff was restrained, whether Plaintiff was shackles, or was resisting, or other facts which led to the "take down." Plaintiff also fails to state a claim against Defendant Haywood. While Plaintiff states that Defendant Haywood knelt on Plaintiff's neck, Plaintiff fails to state how long the force was used and what Plaintiff was doing at the time. Plaintiff was advised in the Court's screening order that factual support must be alleged as to Haywood. Plaintiff has been unable to cure these deficiencies. For the same lack of factual support, Plaintiff fails to state a claim against the "unknown C/O."

### F. Retaliation – First Amendment

Plaintiff may be attempting to allege retaliation.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to state a cognizable claim for retaliation. Plaintiff's allegations concerning instances of alleged retaliation are conclusory in nature, involving a recitation of the elements of the claim and lacking sufficient factual matter to state a plausible claim for relief. Plaintiff's sole allegation is that he was "retaliated when I filed appeals." Plaintiff does not allege who retaliated against him, what was the retaliation, or other elements of a retaliation claim. Plaintiff fails to allege the adverse action chilled Plaintiff's First Amendment rights and that did not reasonably advance a legitimate correctional goal. Plaintiff's conclusory allegations is insufficient to state a claim. Plaintiff was given the legal standards for a claim of retaliation, but has been unable to cure the deficiencies.

7

### G. State Law Violations

Plaintiff also alleges violation of "policy," which may mean a possible violation of Title 15, for failure to video his injuries within 48 hours. To the extent that defendants have not complied with applicable state statutes or prison regulations, this deprivations does not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See, e.g., Nible v. Fink,* 828 Fed.Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11-12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.,* 90 F.3d 367, 370 (9th Cir. 1996)); *see Davis v. Kissinger*, No. CIV S-04-0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Thus, the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and/or the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under § 1983. Accordingly, Plaintiff cannot maintain a § 1983 claim for violations of prison rules or other California law.

///

### IV. Conclusion and Order

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 15, 2022**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE